## No. 997
### ELMORE-HARRIS DIST. (Bd. of Ed.) v. NIEMAN et
No. 19412. Supreme Court

On motion to certify. Dock. Nov. 10, 1925; 3 Abs. 722.

**1065. SCHOOLS AND SCHOOL DISTRICTS—May an appropriation proceeding for a school site, instituted by a school board in the Probate Court, be appealed to the Court of Common Pleas under 7624 GC.?**

An action was brought in the Ottawa Probate Court against Henry and Delia Nieman in accordance with 7624 GC. to appropriate land for a school site. The jury returned a verdict and Nieman filed a motion for a new trial which was overruled. The Board of Education thereupon appealed the case to the Ottawa Common Pleas and Nieman then filed a motion to dismiss the appeal on the grounds that the cause is not appealable, and that the court has no jurisdiction.

This motion was overruled but later, upon the motion being renewed, the court reversed its former ruling and sustained the motion and thereupon dismissed the appeal. From this judgment the case was taken on error to the Court of Appeals which reversed the judgment of the Common Pleas, and remanded the case to it with instructions to overrule the motion and proceed according to law. The case

## OHIO SUPREME COURT—Continued

thereupon proceeded and the jury made an award. A motion for a new trial was overruled and thereupon error was prosecuted to the Court of Appeals, and again affirmed and now the Board seeks an order requiring the Courtp of Appeals to certify its record.

The error complained of is based upon the contention that the case was not appealable from the Probate Court to the Court of Common Pleas and this question will be decided upon a construction of Section 7624 GC. in connection with Sections 3695, 3696, 3681 GC.

Section 7624 GC. provides that such action shall be had in the Probate Court and further says, "Thereupon the same proceedings of appriation shall be had which are provided for the appropriation of private property by municipal corporations."

Under Sections 3695, 3696, and 3681 GC. a municipal corporation may bring such an action in either the Probate Court or the Common Pleas Court, as it elects, and if the proceeding is brought in the Probate Court an appeal lies to the Court of Common Pleas.

The Board of Education contends that if an appeal lies to Court of Common Pleas Court from the Probate Court, where the statute compels a board of education to bring such an action, two trials will be forced upon the board while a municipal corporation may choose between one or two trials.

It is also contended that the word "proceedings" refers to the procedure of the court and not to the section providing as appeal from the Probate Court to the Court of Common Pleas.

Attorneys—Graves & Duff, Port Clinton, and Stahl & Price, Toledo, for Bd. of Ed.; True and Crawford, Port Clinton and Chas. E. Chittenden, Toledo, for Nieman et.